Charles L. Robinson, C.P.A. Legislative Auditor Legislative Joint Auditing Committee State Capitol Little Rock, AR 72201
Dear Mr. Robinson:
This letter is in response to your request for an opinion regarding investments by a board of trustees of a Policemen's Pension and Relief Fund or a Firemen's Relief and Pension Fund. Your question is as follows:
 After the effective dates of Acts 6 and 16 of 1985, may a board of trustees of a Policemen's Pension and Relief Fund or a Firemen's Relief and Pension Fund, having assets exceeding $500,000 and employing professional investment counsel to invest a portion, (25%), of such assets, invest the remaining 75% of the assets subject to the prudent man rule as stated at Ark. Stat. Ann. 12-3307.11 (Supp. 1985), or is the board of trustees limited to investing the remaining 75% in investments allowed funds with assets not exceeding $500,000 [i.e., bonds of the United States, the State of Arkansas, or the city where such board is located, or in Arkansas savings and loan associations, or Certificates of Deposit in Arkansas banks (Firemen's Relief and Pension Funds only)]?
Prior to amendment by Acts 6 and 16 of 1985 the boards of the respective funds had limited authority for investments. Act 250 of 1937 as amended, Ark. Stat. Ann. 19-1805 governing policemen's funds provided:
 The said board of trustees shall have the power to draw such sums from its treasurer only upon warrants signed by the Chairman and countersigned by Policemen's Pension and Relief Fund in interest-bearing bonds of the United States, the State of Arkansas, or of the city in which such board is located, or in Savings and Loan Associations duly established and authorized to do business as such in this State. All such securities shall be deposited with the treasurer of the board of trustees of the pension and relief fund, and shall be subject to the order of said board.
Act 491 of 1921, as amended, Ark. Stat. Ann. 19-2223 governing firemen's funds provided the following authority for investments before the enactment of Acts 6 and 16:
 All moneys provided for said fund by this Act shall be paid over to and received by the Treasurer of the city or town for the sole use and benefit of the Firemen's Relief and Pension fund, and said Fund shall be used for no other purpose, and the additional duties thus imposed upon said Treasurer shall be and comprise additional duties for which he shall be liable under his oath and bond as such City or Town Treasurer; provided, however, that the said Board of Trustees shall have the power with the consent of a majority of the firemen at the time employed, expressed in writing and filed with the City Clerk, to authorize the Treasurer to draw such sums from its treasury to invest such sums in the name of the Board of Trustees of the Firemen's Relief and Pension Fund, in interest-bearing bonds of the United States, of the State of Arkansas, or the city where such board is located, or in Certificates of Deposit or time deposits in banks duly established and authorized to do business in this State, or in Savings and Loan Associations duly established and authorized to do business in this State.
All such securities shall be deposited with the Treasurer of the Board of Trustees of the Relief and Pension Fund and shall be subject to the order of said board.
Acts 6 and 16 of 1986 added the following authority in amending both Act 250 and Act 491:
 Provided, that in those pension and relief funds in which assets exceed $500,000, the Board of Trustees may employ professional investment counsel to invest the assets subject to the terms, conditions, limitations, and restrictions imposed by law upon the Arkansas Local Police and Fire Retirement System, as provided by Subsection 6.20 of Section 6 [12-3806] of Act 364 of 1981, as amended, and shall not be limited to interest-bearing bonds, certificates [of] deposit and time deposits.
Acts 6 and 16 of 1985 as cited in part above permit the employment of professional investment counsel subject to the terms of Ark. Stat. Ann. 12-3806 (6.20) (Supp. 1985) governing investments for the Arkansas Local Police and Retirement System. That section states the procedure to be followed by a professional investment advisor in his relationship with that System and incorporates the restrictions on state public employee retirement plans, Ark. Stat. Ann. 12-3806 (6.20)(f) (Supp. 1985), including the prudent man rule. Ark. Stat. Ann 12-3307 (7.11) (Supp. 1985).
According to your request, we understand that boards of trustees of certain policemen's and firemen's funds with assets exceeding $500,000.00 have employed investment counsel to invest 25% of the funds' assets. The respective boards are investing the balance of 75% in savings and loan associations not located in Arkansas.
The boards have two sources of authority to directly invest or control specific investments. The first sources are the respective acts as cited above, Act 491 of 1921 and Act 250 of 1937 as amended. Both Acts limit investments in savings and loan associations to those located in Arkansas. This authority applies to funds with assets under $500,000. It is also an alternative investment procedure for funds with assets exceeding that sum because the language of Acts 6 and 16 is permissive not mandatory in that that boards "may" employ investment counsel.
If the board employs such counsel, it retains the right to from time to time direct a specific investment activity. Ark. Stat. Ann. 12-3806 (6.20)(e). However, this authority is employed in conjunction with the general management of the assets by an investment counselor. This provision does not appear to empower the boards to generally manage investments when an investment counselor would not be responsible for management of those assets.
That the boards in question retain management responsibility for the 75% of their assets appears to preclude reliance upon Ark. Stat. Ann. 12-3806 (Supp. 1985) and relevant portions of 19-1805 and 19-2223 addressing investment counselors. The remaining provisions of Ark. Stat. Ann. 19-1805 and 19-2223 are those powers which existed prior to the enactment of Acts 6 and 16. Pursuant to those provisions the investments of boards of the respective funds in savings and loan associations must be limited to institutions located in the State of Arkansas.
It is therefore my opinion that under the facts stated herein, the boards of trustees of Policemen's Pensions and Relief Funds and Firemen's Relief and Pension funds are limited to investments in savings and loan associations established and authorized to do business in the State of Arkansas, bonds of the United States, the State of Arkansas, or the city in which the board is located and, for firemen's funds only, certificates of deposit in Arkansas banks.
The foregoing opinion which I hereby approve was prepared by Deputy Attorney General Thomas S. Gay.